# EXHIBIT 1

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION



## DEPARTMENT OF THE AIR FORCE
### HEADQUARTERS 188TH WING
### FORT SMITH ARKANSAS

11 Mar 19

MEMORANDUM FOR REVIEWING AUTHORITIES

FROM: 188 WG/JA

SUBJECT: Legal Review—Beliefs Based Accommodations Request, Capt Travis G. Roberts

1. I have reviewed the beliefs based accommodation requests for immunization and grooming waivers submitted by Capt Travis G. Roberts. The 188th Wing recommends denial of both requests and I find the recommendations appropriate and legally sufficient.

2. Facts. Capt Roberts requests relief from AFI immunization and shaving requirements. He indicates both requirements are inconsistent with his religious beliefs. Capt Roberts describes himself as a "Christian/Christ Follower."

3. Authority. DoDI 1300.17, *Accommodation of Religious Practices Within the Military Services*, 22 Jan 14, is the governing regulation for religious accommodation requests and states the following:

    4. POLICY. It is DoD policy that:

        a. The DoD places a high value on the rights of members of the Military Services to observe the tenets of their respective religions or to observe no religion at all. It protects the civil liberties of its personnel and the public to the greatest extent possible, consistent with its military requirements, in accordance with DoD Instruction (DoDI) 1000.29 (Reference (c)).

        b. In accordance with section 533(a)(1) of Public Law 112-239 (Reference (d)), as amended, unless it could have an adverse impact on military readiness, unit cohesion, and good order and discipline, the Military Departments will accommodate individual expressions of sincerely held beliefs (conscience, moral principles, or religious beliefs) of Service members in accordance with the policies and procedures in this instruction. This does not preclude disciplinary or administrative action for conduct by a Service member requesting religious accommodation that is proscribed by Chapter 47 of Title 10, United States Code (the Uniform Code of Military Justice), including actions and speech that threaten good order and discipline.

        c. DoD has a compelling government interest in mission accomplishment, including the elements of mission accomplishment such as military readiness, unit cohesion, good order, discipline, health, and safety, on both the individual and unit levels. An essential part of unit cohesion is establishing and maintaining uniform military grooming and appearance standards.

        d. In so far as practicable, a Service member's expression of sincerely held beliefs (conscience, moral principles, or religious beliefs) may not be used as the basis of any adverse personnel action, discrimination, or denial of promotion, schooling, training, or assignment.

e. Requests for religious accommodation will be resolved in a timely manner and will be approved when accommodation would not adversely affect mission accomplishment, including military readiness, unit cohesion, good order, discipline, health and safety, or any other military requirement. For requests for religious accommodation when accommodation would adversely affect mission accomplishment:

    (1) In accordance with section 2000bb-1 of Title 42, United States Code (Reference (e)), requests for religious accommodation from a military policy, practice, or duty that substantially burdens a Service member's exercise of religion may be denied only when the military policy, practice, or duty:

        (a) Furthers a compelling governmental interest.
        (b) Is the least restrictive means of furthering that compelling governmental interest.

    (2) Requests for religious accommodation from a military policy, practice, or duty that does not substantially burden a Service member's exercise of religion should not be evaluated under the standard established in paragraph 4e(1). Under these circumstances, the needs of the requesting Service member are balanced against the needs of mission accomplishment. Only if it is determined that the needs of mission accomplishment outweigh the needs of the Service member may the request be denied.

4. <u>Analysis</u>. The 188th Wing conducts a 24/7 combat mission in the AOR from its CONUS location. MQ-9 pilots and crews work long hours in a confined space approximately 12 x 15 feet in size. 188th Wing leadership has identified the request for waiver of immunizations as a threat to mission accomplishment by increasing the potential spread of contagious illness among pilots and air crews and jeopardizing readiness and safety by failing to maintain deployability standards. The request for waiver of shaving is considered a threat to unit cohesion, morale, readiness, and safety, as permitting one unit member to maintain a beard compromises uniformity and unit cohesion. It also jeopardizes readiness and safety by failing to maintain deployability standards. The 188th Wing has articulated "compelling government interests" in accomplishment of a combat mission and has articulated why both the immunization and shaving waivers both serve as a threat to accomplishment of that mission. Further, there are no lesser restrictive means of accomplishing Capt Roberts' objectives. The need for mission accomplishment outweighs Capt Roberts' individual need with regard to both requests. 188th Wing leadership properly applied DoDI 1300.17 to both requests for accommodation.

5. <u>Conclusion</u>. After consideration of the applicable DoDI and the facts of this case, I find the 188th Wing recommendations to be legally sufficient and appropriate.

*Jenny L. Johnson*

JENNY L. JOHNSON, Lt Col, AR ANG
Staff Judge Advocate

# EXHIBIT 2

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

## OFFICER PERFORMANCE REPORT  (Lt thru Col)

**I. RATEE IDENTIFICATION DATA**  (Read AFI 36-2406 carefully before filling in any item)

| 1. NAME (Last, First, Middle Initial) ROBERTS, TRAVIS G | 2. SSN | 3. RANK Capt | 4. DAFSC 11UB3 | 5. REASON FOR REPORT | 6. PAS CODE A81CFH61 |
|---|---|---|---|---|---|

**7. ORGANIZATION, COMMAND, LOCATION, AND COMPONENT**
188th Operations Support Squadron (ACC)
Fort Smith, Arkansas, AR ANG (AGR)

**8. PERIOD OF REPORT**  Annual
FROM  1 Mar 2018
THRU  28 Feb 2019

**9. NO. DAYS SUPV.** 365
**NO. DAYS NON-RATED** 0

**II. JOB DESCRIPTION**  (Limit text to 4 lines)
DUTY TITLE  Scheduler

**10. SRID** 05188

- Manages currencies for aircrew & scheduling of RPA CAP supporting SOCOM global mission of counter-terrorism
- Training towards combat-ready status in MQ-9 to provide ISR, CAS, AI, and CSAR iso state and national security
- Supports joint and multi-national special operations in support of JCS operational plans and contingency taskings
- Combines training, ARMS, and crewmember input to integrate full and part-time Guardsmen into 24/7 combat ops

**III. PERFORMANCE FACTORS**

| | DOES NOT MEET STANDARDS | MEETS STANDARDS |
|---|---|---|
| Job Knowledge, Leadership Skills (to include Promoting a Healthy Organizational Climate). Professional Qualities, Organizational Skills, Judgment and Decisions, Communication Skills (see reverse if marked Does Not Meet Standards) | ☐ | ☒ |

**IV. RATER OVERALL ASSESSMENT**  (Limit text to 6 lines)

- Lead scheduler; managed 106 mbrs iso SOCOM msn--enabled 6512 hrs/332 sorties/84 strikes/146 enemy eliminated
- Optimized manning during shortfall; first ANG unit to complete 3x MWS msn critical upgrades--no lost cmbt sorties
- Managed scheduling operations; controlled $400M in combat assets for 8 months--SOCOM global mission sustained
- Forecasted mission needs further than any previous scheduler; raised morale; support leave coverage year in advance
- Pushed first ever waiver on religious preference & med treatment; provides path to service while respecting diversity
- Fire and forget offcr; detail oriented, quick to tackle tasks while yielding superior results; IQT to follow--PDE in res

Last performance feedback was accomplished on:   2 Oct 2018   (IAW AFI 36-2406) (If not accomplished, state the reason)

| NAME, GRADE, BR OF SVC, ORGN, COMMAND & LOCATION WADE E. HENDRICKSON, Maj, AR ANG 188th Operations Support Squadron Fort Smith, AR | DUTY TITLE Chief Of Scheduling | DATE 12 Apr 2019 |
|---|---|---|
| | SSN 3652 | SIGNATURE HENDRICKSON.WADE.EDWARD.1246445032  Digitally signed by HENDRICKSON WADE EDWARD 1246445032  Date 2019 04 12 16 14 12 -05'00' | |

**V. ADDITIONAL RATER OVERALL ASSESSMENT**  (Limit text to 4 lines)   ☒ CONCUR   ☐ NON-CONCUR

- Key component to 188WG mission; filled manning shortfall for 6 mo--ensured msn support w/zero lapse in coverage
- Coordinated and Represented 188WG at TAG holiday party; hosting 276 statewide representatives & senior leaders
- Volunteered for Protocol & Casualty Assistance Instructor courses; unit readiness enhanced and critical skills shared
- Travis is a great officer; multi-faceted with unique/valuable skills & inter service experience--IQT ASAP, IDE in-res

| NAME, GRADE, BR OF SVC, ORGN, COMMAND & LOCATION PATRIC D. COGGIN, Lt Col, AR ANG 188th Operations Support Squadron (ACC) Fort Smith, AR | DUTY TITLE Commander | DATE 15 Apr 2019 |
|---|---|---|
| | SSN | SIGNATURE COGGIN.PATRIC.DAVID.1008439067  Digitally signed by COGGIN PATRIC DAVID 1008439067  Date 2019 04 15 06 33 50 -05'00' | |

**VI. REVIEWER**  (If required, limit text to 3 lines)   ☒ CONCUR   ☐ NON-CONCUR

| NAME, GRADE, BR OF SVC, ORGN, COMMAND & LOCATION JEREMIAH S. GENTRY, Colonel, AR ANG 188th Operations Group (ACC) Fort Smith, AR | DUTY TITLE Commander | DATE 15 Apr 2019 |
|---|---|---|
| | SSN 1346 | SIGNATURE GENTRY.JEREMIAH.SHI.1155424261  Digitally signed by GENTRY JEREMIAH SHI 1155424261  Date 2019 04 15 16 32 42 -05'00' | |

**VII. FUNCTIONAL EXAMINER/AIR FORCE ADVISOR**
(Indicate applicable review by marking the appropriate box)   ☐ FUNCTIONAL EXAMINER   ☐ AIR FORCE ADVISOR

| NAME, GRADE, BR OF SVC, ORGN, COMMAND & LOCATION | DUTY TITLE | DATE |
|---|---|---|
| | SSN | SIGNATURE | |

**VIII. RATEE'S ACKNOWLEDGMENT**

| I understand my signature does not constitute agreement or disagreement. I acknowledge all required feedback was accomplished during the reporting period and upon receipt of this report.  Yes ☒  No ☐ | SIGNATURE ROBERTS.TRAVIS.GLEN.1289999337  Digitally signed by ROBERTS TRAVIS GLEN 1289999337  Date 2019 04 16 07 21 27 -05'00' | DATE 16 Apr 2019 |
|---|---|---|

**AF FORM 707, 20150731, V1**   (PREVIOUS EDITIONS ARE OBSOLETE)

PRIVACY ACT INFORMATION: The information in this form is FOR OFFICIAL USE ONLY. Protect IAW the Privacy Act of 1974.

# EXHIBIT 3

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION



**DEPARTMENT OF THE AIR FORCE**
HEADQUARTERS 188TH WING
FORT SMITH AR

20 FEB 20

MEMORANDUM FOR RECORD

FROM: Maj Garrison, Gary (Matt), 188th Chaplain

SUBJECT: ROBERTS, TRAVIS BELIEFS BASED EXEMPTION REQUEST

1. I spoke with Capt Travis Roberts on 31 Jan 19 along with Chaplain Hodde about his religious, moral, and ethical beliefs in regards to him formally requesting an exemption from immunization policies laid out in AFI 48-110_IP.

2. Travis Roberts' request for an exemption from immunizations is derived from his deeply held religious/moral/conscience beliefs. He states that these are firmly-held beliefs that stem from when he became a Christian in 2005. He continues to have convictions about not getting immunizations and with the DoD's policy change and his transfer to the Air National Guard he believes that these beliefs are now able to be accommodated and is seeking to "embrace them fully".

3. Travis Roberts stated that other service members he had spoken to that shared this same belief, have had administrative religious exemptions for immunizations approved according to the regulation. These individuals encouraged him to go through the process to submit for MAJCOM approval as outlined in the AFI.

3. Travis Roberts maintains his sincerity about his convictions and spiritual growth over time, and believes it is consistent with his desires to have an exemption from immunizations. He has explained that he backs up his beliefs with actions, practice, and scripture that show he has exercised these views since 2017 when he could no longer deny his God. He is very passionate about not receiving immunizations for him and his family based on the enlightenment he has had of what/how vaccines are made and how it directly contradicts his beliefs.

4. Travis Roberts believes the request to be in accordance with Department of Defense Instruction (DoDI) 1300.17 dated 10 Feb 09, incorporating Change 1, effective 22 Jan 14 which states the DoD's stance on the accommodation of individual expressions relating to conscience, moral principles, and/or religious beliefs within the military service. The instruction states, "Requests for religious accommodation will be resolved in a timely manner and will be approved when accommodation would not adversely affect mission accomplishment".

7. Travis Roberts believes his exercise of faith is substantially burdened by the immunization policy stating that he is "very passionate about serving in the military but would have to resign if the administrative exemption for immunizations isn't approved". This issue had him very emotional as he mentioned multiple times that this decision had kept him up late at night and he doesn't want to have to go against his faith.

7. The POC for this memorandum is Maj Garrison, Gary; Cell ████████. If you have any questions or concerns please email gary.m.garrison2.mil@mail.mil.

GARY M. GARRISON, Ch, Maj, AR ANG
188th Chaplain

# EXHIBIT 4

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION



**DEPARTMENT OF THE AIR FORCE**
**HEADQUARTERS 188TH WING**
**FORT SMITH AR**

16 MAR 20

MEMORANDUM FOR REVIEWING AUTHORITIES

FROM:  CAPT TRAVIS G ROBERTS, USAF ANG 188 OSS

SUBJECT:  BELIEFS BASED ACCOMMONDATION APPEAL REQUEST

1.  On 10 January 2020, my request for an exemption to immunization based on religious beliefs was denied.  As per AFPD 52-2, this appeal to the Air Force Surgeon General (AF/SG) follows. The original request was not supported at the unit level and led to multiple interactions with individuals expressing bias, fear, fact-twisting, and misunderstanding.  I am confident you will give this appeal due consideration and deliberate thought.

2.  According to AFI 48-110, 2-6b(3)(a), "Immunization exemptions for religious reasons may be granted ...to accommodate religious beliefs of a Service member."  The AFI further states although, "...permanent exemptions for religious reasons are not granted; the MAJCOM commander is the designated approval and revocation authority for temporary immunization exemptions."  As such, this appeal serves to clarify the request is for a temporary exemption under the MAJCOM, to remain in full force and effect for the duration of my assignment with the unit.

3.  AFPD 52-2, para. 1.1 states, "The Air Force places a high value on the rights of Air Force members to observe the tenets of their respective religions..." AFPD 52-2, para. 1.3 explains, "Unless it would have an adverse impact on military readiness, unit cohesion, or good order and discipline, commanders and supervisors will permit individual expressions of sincerely held beliefs."

4.  DODI 1300.17 para. 4.e. states, "Requests for religious accommodation will be resolved in a timely manner and will be approved when accommodation would not adversely affect mission accomplishment, including military readiness, unit cohesion, good order, discipline, health and safety, or any other military requirement."  In the event the Air Force views the requested exemption at issue as adversely affecting mission accomplishment, the request shall only be denied when the military policy, practice, or duty (in this case, immunization) both furthers a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest.

5.  The root of this request has always been and continues to be strongly held religious beliefs regarding immunizations.  There is no doubt members of the same religion can hold separate and distinct interpretations, viewpoints, and convictions extracted from the same source.  Simply because my religious beliefs do not conform to expectations, they should not be prejudiced as insincere.  As a Christian, I hold the following two tenets with respect to immunizations in the highest regard and remain steady in my convictions: (1) the potential use of aborted fetal cell tissue in vaccines and (2) permitting external contaminants into the body, especially into the bloodstream.

**Aborted Fetal Tissue**

a. The use of aborted fetal cell tissue in vaccines violates a fundamental concept of the right to life. This belief is derived from various parts of the Bible to include: Exodus 20:13 and Deuteronomy 5:17 ("Thou shalt not murder"); Genesis 4:1, 4:17, and Jeremiah 1:5 (children are recognized by God at the point of conception); Psalm 139:13-16; Psalm 22:10-11; & Galatians 1:15 (knit together by God in the womb), Genesis 1:28; 4:1; 9:7 and Psalms 127:3 and 113:7-9 (blessings from God), Matthew 18:1-14 and 19:13-15 (valued and loved), Genesis 1:27, 9:6 (created in His image), Ezekiel 16:20-21; Deuteronomy 31:19, Psalm 106: 37-38 (killing is condemned).

b. Arguing the public benefit outweighs the life of an aborted child holds no merit with my faith. There is no exception for the greater good and the Bible clearly states God prohibits child sacrifice (Exodus 20:13, Deuteronomy 5:17, 12:30-32, 18:10, Leviticus 18:21 & 20:2-5, 2 Kings 16:3, and Psalm 106:38)

c. Vaccine ingredients that contain aborted fetal cells include, but are not limited to, PER C6, HEK 293, IMR-90, WI-38, WI-1 through WI-25, W-44, Walvax 2, and MCR-5.[1] Although I recognize not all immunizations contain human tissue, many were developed with the use of aborted fetal cells. Allowing myself to be vaccinated with products attenuated from human cells poses a moral dilemma and serves as an acceptance of the practice and a reward for the manufacturer (See Deuteronomy 28:25, forbidding reward for murder).

**External Contaminants**

a. In addition to the use of aborted fetal tissue, immunizations contain an extensive list of ingredients I view as contaminating a temple belonging to God. (1 Corinthians 3:16-23; 6:19-20; Romans 12:1-2) The Bible explains our blood represents the life force of humans and animals. (Genesis 9:4, Leviticus 17:10-11, 17:14, Deuteronomy 12:23, Acts 15:20; 15:29) According to the CDC, many common ingredients include, but are not limited to, thimerosal, formaldehyde, aluminum, monosodium glutamate (MSG), acetone, phenoxyethanol, polysorbate 80, 2-phenoxyethanol, polysorbate 20 (Tween 20), Benzenthonium chloride, beta-propiolatone, glutaraldehyde, phenol (carbonic acid), nonylpenol ethoxylate, sodium borate (borax), cetyltrimethylammonium bromide, neomycin sulfate, gentamicin sulfate, kanamycin, polymyxin B, squalene.[2] Vaccines also contain several types of animal and insect cells and allowing my blood to mix with these ingredients runs contrary to my faith (See Luke 13:1-5, Leviticus 11:13-47, Deuteronomy 14:19)

6. God created the human body in his image, and saw that it was good. (Genesis 1:27, 1:31) My faith is in the word of God and not in the wisdom of man when it pertains to maintaining a healthy body. (Mark 2:17, 1 Corinthians 3:16, 6:19-20, Proverbs 14:12, Matthew 9:12, Psalms 118:8, Acts 5:29)

7. As noted in the regulations referenced above, the Department of Defense recognizes immunization exemptions for religious beliefs. This language alone should provide a great deal of weight and deference to the Service member. The previous denial failed to demonstrate how an

---

[1] Taped deposition of Stanley Plotkin, M.D. on January 11, 2018. See also A Brief History of Human Diploid Cell Strains, Rene Leiva, M.D., National Catholic Bioethics Quarterly Autumn 2003, and ncbi.nlm.nih.gov (PMCID: PMC4526020)

[2] CDC Pink book, Appendix B: Vaccines, Vaccine Excipient and Media Summary, by Vaccine

exemption in my case would impact military readiness, unit cohesion, or good order and discipline. If the government is permitted to maintain the response expressed when my original request was denied, then our own regulations are futile and hold no merit. In fact, the response failed to reference the factors required to be considered before a final determination.

8. I am a healthy Army trained pilot who transferred to an Air National Guard Remotely Piloted Aircraft (RPA) unit. I have an approved Flying Class II physical obtained at Wright-Patterson. I have a current physical health assessment (PHA). This unit, the 188 WG, mobilizes in place, CONUS, in an environment with indoor plumbing, air conditioning, and fresh running water. Our squadron will soon move into a newly constructed building. Our ground control station (GCS) is a multi-crew position with typical two-hour rotations. The work involves predictable rotating shifts within a secure facility and our members interact with the civilian community while off duty.

9. As previously mentioned, the response to my request explains, "Capt Roberts has not identified medical reasons immunizations should not be administered." As this request is based on religious beliefs, no such medical purpose should be expected. It's important to recognize our regulations allow immunization exemptions; however, the response signed by Lt Col Williams simply stated "the Air Force does not grant permanent Religious Exemption waivers." Again, this request is for a temporary exemption to remain in effect for the duration of my assignment in the unit. Further, as noted above, the response does not address any specific factors regarding unit cohesion, good order, discipline, health and safety, or any other military requirements other than to provide a generalized statement suggesting this exemption would place myself and others at risk. The denial's conclusory statement is in contrast to our own regulations which recognize the improbable goal of a 100% immunized unit and instead sets a more realistic 90%, referencing both medical and administrative exemptions as contributing factors.[3] The response provided to my original request would cause any and all religious request to be futile even before submission.

10. Since the denial response failed to address specific factors at issue when determining acceptable risk, I will speak to each factor noted within DODI 1300.17.

   a. Mission accomplishment
      (1) The Air Force and Air National Guard are experiencing an ongoing pilot shortage.[4] As a fully trained aviator, denying the exemption would have a greater impact on the mission than granting it as I would be forced to separate.
      (2) I have been successfully performing mission critical tasks over the last two years while awaiting the exemption. I maintain a Top Secret clearance while playing a vital role in accomplishing a high priority mission.
      (3) I have continued to perform my duties during regular scheduled drill and multiple annual training orders over the past two years.
      (4) Other service members within the Air Force and sister-services have accomplished the mission, to include deploying with an approved administrative religious exemption toward immunizations.

---

[3] DHA-IPM 19-006, 29 August 2019
[4] See https://federalnewsnetwork.com/dod-personnel-notebook/2019/04/new-study-shows-grim-outlook-for-future-of-air-force-pilot-shortage/

b. Military readiness
   (1) The only remaining obstacle to military readiness is the exemption at issue.  Upon approval, I would be updated to "green" on IMR and "excluded from these requirements and reporting."[5]  I am a rated aviator current in my PHA and Flight Physical.
   (2) I have no deployment-limiting medical conditions as described in the USAF Medical Standards Directory or DODI 6490.07.
   (3) My dental assessment is also current with no deployment-limiting conditions.

c. Unit cohesion
   (1) As the Group's primary scheduler, I have developed trusted relationships among the approximately 113 airmen involved in operations.
   (2) Because of these developed and trusted relationships, I receive a large amount of moral support and encouragement from my fellow unit members as I advocate for this exemption.
   (3) I personally know of other service members receiving similar administrative exemptions toward immunizations (5 Army, 6 Air Force, and 1 Coast Guard) and I'm unaware of any adverse impact to their unit cohesion.
   (4) There will be no outward expression or difference of appearance for this accommodation, which maintains uniformity.
   (5) Approval of my administrative religious exemption would increase unit cohesion by keeping me on the team that I have worked hard to build trust with and would further demonstrate acceptance and diversity in the Air Force.

d. Good order and discipline
   (1) I have received no adverse actions such as letters of reprimand, letters of counseling, or letters of admonishment.
   (2) My OPRs are positive and promote future leadership roles.
   (3) I exhibit the same good character both in and out of uniform which creates a positive image in the community for our National Guard unit.
   (4) I continue to support my leadership, despite their reluctance to accept my religious practices.  This speaks to both my professionalism and faith.

e. Health and safety
   (1) As mentioned, I have a current Flying Class II physical and was previously cleared by medical professionals at Wright-Patterson AFB.
   (2) I have not once missed work due to illness during my two-year Air Force career as a technician.
   (3) I refrain from drinking alcohol and smoking. I maintain a wholesome diet, drink plenty of water, get adequate sleep, and exercise regularly.
   (4) I scored between 93-96% on my last two physical fitness tests.

f. Other military requirements
   (1) My ancillary training, computer based training (CBT), top secret clearance (TS), officer performance reports (OPR), professional military education, physical fitness test, and appointments have all been accomplished on time and with no known negative impact to the mission. I require little to no supervision and have maintained a professional code of conduct as an officer and Airman.

---

[5] See AFI 10-250

11. As previously mentioned, the Air Force is willing to accept a certain amount of risk as it pertains to immunization by recognizing their 90% immunization goal. I understand the Air Force may view this matter from a risk management perspective; however, there are controls in place that help mitigate the risk involved in my case. For example, if an airman falls ill, then a self-quarantine generally follows; this practice would be no different for me. I am also fully cognizant of measures such as hand washing and good hygiene. Further, I maintained immunizations until 2017 which also presents a lower risk of illness and/or spread. I say this to emphasize I recognize there is caution on the part of my unit and the Air Force; however, it should be noted the risk is minimal and allowing me to serve while observing my religious beliefs poses no more threat to our unit than is reasonable.

12. Outright denying a religious accommodation should be the exception not the standard. I do not wish to close out a beloved fourteen-year career as a result of a denial. The instruction encourages the retention of a service member and allowing continued service in a situation that is advantageous for accommodation. I am fully aware of other service members who were granted such a request, and I would be troubled by a selective denial of mine. In fact, an MQ-9 pilot remaining CONUS appears to be one of the best scenarios to accommodate a religious exemption to policy.

13. I hope this rebuttal clearly demonstrates my religious convictions and the acceptable risk in granting the exemption. Unfortunately, I faced a great deal of skepticism, bias, and confrontational statements from numerous individuals involved in this process, to include our own Chaplain. I have no desire to recruit others into my belief system nor do I wish to be preached down upon while I serve. Let there be no doubt in my convictions. I am optimistic this rebuttal will be viewed favorable and in compliance with our regulations. I further trust that any reviewing authorities will give this document and its contents thorough attention.

14. For the purpose of full disclosure, a Congressional Inquiry and Equal Opportunity Complaint are being filed in conjunction with this appeal to examine the matter and promote unbiased oversight.

15. The POC for this appeal is Captain Travis Roberts. If you have any questions or concerns, please call [redacted] or email [redacted]

ROBERTS.TRAV Digitally signed by
ROBERTS.TRAVIS.1289993327
IS.1289993327 Date: 2020.03.16 15:31:33
-05'00'

TRAVIS ROBERTS, Capt, AR ANG
Pilot

Attached:
Original Request Packet
Denial of Original Request
Flying Class II (DD Form 2808, 2807-1, 2992)
IMR ASIMS printout
PT test scores
Chaplain Garrison MFR
OPR

# EXHIBIT 5

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

## DECLARATION OF TRAVIS ROBERTS

I, Travis Roberts, state under penalty of perjury that the following is true and correct:

1.      I am over the age of twenty-one, and I am competent to testify.

2.      The facts stated herein are true and accurate based upon my personal knowledge. I could testify to the facts contained herein if called upon to do so.

3.      I have been a practicing Christian my entire adult life.

4.      After completing an ROTC program at Sam Houston State University in 2009, I commissioned as a Second Lieutenant in the U.S. Army, Aviation Branch, where I was assigned to the Texas Army National Guard.

5.      After over a year of training, I qualified to pilot the CH-47D "Chinook" helicopter.

6.      I served the Texas National Guard as a Chinook pilot until 2018, when I transferred to the Arkansas Air National Guard to become a Remotely Piloted Aircraft (RPA) pilot.

7.      The transition was logical, as RPA pilots require much of the same skill and aptitude that a conventional pilot has.

8.      To my knowledge, the military is experiencing a shortage of RPA pilots.

9.      In 2017, while I was still in Texas, my wife and I had our first child.  My son was born around difficult circumstances, as I was about to deploy to Kuwait/Iraq and almost missed his birth by a week.  Holding my son for the first time, I recognized the value of human life and meaning of being a child of God. This moment was even more impactful to me because I had recently lost my own father the year prior. These events caused me to reflect on my Christian faith more deeply.

10.     As a result of my reflection, I devoted myself to prayer and bible study.  My family and I began to surround ourselves with like-minded Christians that would encourage and edify us in the exercise of our faith.  We changed how we managed our finances to increase our charitable contributions and pay a tithe.  We changed how we spent our free time to increase our public service.

11.     I try to keep to a plant-based diet, avoiding meat and dairy whenever possible.

12.     I minimized the intake of processed foods and foods high in sugar.

13.     I am no longer an organ donor, and I no longer give blood.

14.     I now try to devote time each day for prayer.

15.     I participate in and sometimes lead fellowship groups, and I work in a food pantry when I can.

16.     After rededicating myself to my religion, one of the most important changes to my life involved practices that affect my health and body.  Another important change involved my objection to abortion that was involved with everyday items.

17.     Although I had received various immunizations earlier in my life, especially during my time with the Texas Army National Guard, I realized that I could no longer receive immunizations for two reasons:

    a.      First, many immunizations (including those for diseases like Rubella, Hepatitis A, and Rabies, among others) were developed with the use of cell lines that were originally derived from human fetal tissue obtained from abortions performed in the second half of the twentieth century.  Abortion is utterly intolerable to my religious beliefs.  For example, numerous passages from the Old Testament and New Testament reference respect, protection, and care for the lives and safety of children.

b.      Second, immunizations contain numerous other chemicals and compounds

that my religious beliefs prohibit placing in my body.  The idea that these kinds of

chemicals and compounds (for example, formaldehyde, aluminum salts, bovine serum,

and cells derived from animal embryonic tissue, etc.) should be intentionally introduced

to the human body would likely cause even a non-religious person to doubt[1].  However,

in light of my religious beliefs, which are informed by Old and New Testament notions

that the human body is a temple, the thought of injecting such chemicals and compounds

is especially offensive.

18.      In 2018, I was required to obtain a tuberculosis test, a tetanus/diphtheria booster,

and a flu shot in order to be cleared for RPA pilot training.  Based on my religious beliefs, I

refused the immunizations and requested a religious accommodation to be exempt from those

immunizations.

19.      My request was met with disdain and skepticism.

20.      For example, both medical personnel and my leadership at the Arkansas Air

National Guard had seen that I had already received a number of immunizations during my time

in Texas.  This was evident from my military medical records.  I did not hide the fact that I had

received immunizations in the past.

21.      But these individuals treated my prior immunizations as evidence that my

religious accommodation request was not in good faith – that I had ulterior motives, or that I

sought some special status among my peers.  I was told that to obtain a religious accommodation,

I should go "back to the Army."

---

[1] The CDC even has a website dedicated to placating these concerns.  *See* Centers for Disease Control and Prevention, *What's in Vaccines?*, https://www.cdc.gov/vaccines/vac-gen/additives.htm (last accessed June 3, 2021).

22.     On numerous occasions, I was urged to drop my request.  But I would not capitulate.

23.     I read the regulations governing religious accommodations for immunizations in the military, and my reading seemed to conflict with what my leadership, chaplain, medical officer, and staff judge advocate said to me.

24.     Often, the rationale from my leadership seemed to change or was internally inconsistent.  For example, deployability to forward locations sometimes came up as an issue: yet everyone in my unit knew that RPA pilots rarely deploy.  That is the entire point of remotely piloting an aircraft:  the pilot stays out of danger.

25.     Sometimes, the rationale focused on the long hours and confined spaces of RPA aircrew in Arkansas.  Yet I worked for over two years as the 188th Group's Mission Scheduler, and no one had a problem with me.

26.     In one instance, leadership suggested that my request amounted to a "permanent" exemption and that the Air Force categorically disallowed permanent exemptions.

27.     I am willing to take reasonable measures during flu season to prevent the spread of colds and the flu.  Otherwise, I do not believe that the offered concerns over tetanus and diphtheria are serious:  such diseases are extremely rare in the United States.  The same goes for tuberculosis.  I am healthy now, and I have no known underlying conditions that might affect my health in the future.

28.     I received tests for tetanus and diphtheria antibodies, which came back positive for both.  A true and correct copy of these results accompanies my submissions to the Court.

29.     A true and correct copy of my most recent immunizations record accompanies my submissions to the Court.

30.     In processing my religious accommodation request and appeal, members of my unit, including the chaplain, commander, medical officer, and staff judge advocate, as well as the Air Force Surgeon General, gave input at various stages.  True and correct copies of their memoranda accompany my submissions to the Court.

31.     I have consulted with members of the military that share my beliefs regarding immunizations.  Those members that I have consulted have had their religious accommodation requests granted.

32.     Even after my request and appeal were denied, I have not received the three immunizations/tests required by the Air Force, or any other immunization.

33.     Thus, my civilian employment with the Arkansas Air National Guard was terminated last summer.  In early May 2021, my command convened a separation board. The board recommended my honorable discharge from the Air Force and Arkansas Air National Guard.  The discharge is now pending final processing at the Air Reserve Personnel Center, the central office for Air National Guard personnel matters.

34.     Processing can be finished at any time, at which point I will be honorably discharged and barred from reenlisting.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate, to the best of my knowledge and belief.

Executed on June 30, 2021.

Travis Roberts

5

# EXHIBIT 6

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

# DIPHTHERIA AND TETANUS ANTIBODIES

Order: 507958902

Status: **Final result**   Visible to patient: Yes (MyChart) Dx: **Encounter for well adult exam without...**

|  | Ref Range & Units | 4d ago |
|---|---|---|
| **DIPTHERIA ANTITOXOID AB** |  | Positive |

Comment: ------------------REFERENCE VALUE------------------------
Vaccinated: Positive (>= 0.01 IU/mL)
Unvaccinated: Negative (< 0.01 IU/mL)

| **DIPTHERIA AB VALUE** | IU/mL | 0.73 |
|---|---|---|

Comment: ------------------ADDITIONAL INFORMATION------------------
This test was developed and its performance characteristics
determined by Mayo Clinic in a manner consistent with
CLIA requirements. This test has not been cleared or
approved by the U.S. Food and Drug Administration.

| **TETANUS AB** |  | Positive |
|---|---|---|

Comment: ------------------REFERENCE VALUE------------------------
Vaccinated: Positive (>= 0.01 IU/mL)
Unvaccinated: Negative (< 0.01 IU/mL)

| **TETANUS AB VALUE** | IU/mL | >2.24 |
|---|---|---|

Comment: ------------------ADDITIONAL INFORMATION------------------
This test was developed and its performance characteristics
determined by Mayo Clinic in a manner consistent with
CLIA requirements. This test has not been cleared or
approved by the U.S. Food and Drug Administration.
Test Performed by:
Mayo Clinic Laboratories - Rochester Superior Drive
3050 Superior Drive NW, Rochester, MN 55901
Lab Director: William G. Morice M.D. Ph.D.; CLIA# 24D1040592

| Resulting Agency | MAYO FTSM RL |
|---|---|

Specimen Collected: 08/17/20 15:15        Last Resulted: 08/19/20 22:45

🔲 ⮐ Lab Flowsheet   🔳 Order Details   ⮥ View Encounter   📋 Lab and Collection Details
                                                  ↩ Routing   🕓 Result History

## Result Communications

📑 Result Notes ⌃

**Grissman, Kaitlyn M**
8/21/2020 8:47 AM

█████████████████████████████████████████████

**Sanders, Robert E, DO**
8/20/2020 8:20 AM

█████████████████████████████████████████████



**Follow-ups**

8/17/2020 Office Visit

## Specimen Information

Specimen Type

Blood [81]

## Future Appt

Future Appt

## Collection Information

Specimen ID:  20RM-230L0026
Collected:  8/17/2020  3:15 PM
Received:  8/18/2020  2:30 PM

## Alternate ID(s)

| Identifier | Application |
| --- | --- |
| 20RM-230L0026 | Beaker |

## Result Entry Info

| User | Result Time | Resulted From |
| --- | --- | --- |
| Interface, Som Beaker | Wed Aug 19, 2020 10:48 PM | Lab Auto Verification [5] |

## Result Information

Status: Final result (Collected:          Provider Status: Reviewed
8/17/2020 15:15)

## All Reviewers List

Grissman, Kaitlyn M on 8/21/2020 08:47
Sanders, Robert E, DO on 8/20/2020 08:25

## 📑 DIPHTHERIA AND TETANUS ANTIBODIES: Result Notes

 **Grissman, Kaitlyn M**
8/21/2020  8:47 AM



**Sanders, Robert E, DO**
8/20/2020  8:20 AM



# EXHIBIT 7

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

1st Ind to Capt Travis G. Roberts, 2 Dec 18, Beliefs Based Accommodations Request

188 OSS/CC                                                      Date: 14 Mar 19

MEMORANDUM FOR 188 OG/CC

1. Capt Travis Roberts, 188 FSS Student Flight, is projected to my unit as an RPA pilot. He also serves as a temporary technician working in my squadron's scheduling shop.

2. I nonconcur with Capt Robert's request for exemption from vaccinations. DoDI 1300.17, *Accommodation of Religious Practices Within the Military Services*, 22 Jan 14, states:

> 4.e. Requests for religious accommodation will be resolved in a timely manner and will be approved when accommodation would not adversely affect mission accomplishment, including military readiness, unit cohesion, good order, discipline, health and safety, or any other military requirement.

3. Capt Roberts quotes section 4.e.(1) and 4.e.(1)(a) as reasoning for allowing the exemption, but I do not believe that Capt Robert's situation or documentation demonstrates that vaccinations substantially burden his exercise of religion. Capt Roberts received vaccinations for over 12 years before coming to our unit. Capt Roberts has not changed his religious affiliation during that time, nor do I believe he has documented that vaccinations "substantially burden" his exercise of religion. Therefore, sections 4.e.(1) and 4.e.(1)(a) of the DoDI do not apply. In this situation, section 4.e.(2) applies:

> 4.e.(2) Requests for religious accommodation from a military policy, practice, or duty that does not substantially burden a Service member's exercise of religion should not be evaluated under the standard established in paragraph 4e(1). Under these circumstances, the needs of the requesting Service member are balanced against the needs of mission accomplishment. Only if it is determined that the needs of mission accomplishment outweigh the needs of the Service member may the request be denied.

4. RPA pilots work long hours with large crews in confined spaces. Not being vaccinated places unacceptable risk to mission accomplishment by increasing the chances that he and his crew members are unavailable due to sickness. Increasing the number of members we lose from the schedule is unacceptable to our 24/7 combat operations.

PATRIC D. COGGIN, Lt Col, AR ANG
Commander, 188th Operations Support
Squadron

# EXHIBIT 8

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

2nd Ind to Capt Travis G. Roberts, 2 Dec 18, Beliefs Based Accommodations Request

188 OG/CC                                                              Date: 14 Mar 19

MEMORANDUM FOR 188 WG/CC

1. As the gaining Operations Group commander, Capt Travis Robert's request must be considered for the future impacts to 188th flying operations.

2. I recommend declining the accommodation to exempt Capt Travis Roberts from required immunizations. Immunizations have a long-standing empirical track record for minimizing the effects of various diseases and viruses. The immunization program helps our entire Operations Group stay medically fit to fight. As a future pilot flying the MQ-9 Reaper, he will be required to be in close quarters with many other individuals for long durations. If allowed to remain untreated for the flu, for example, he will potentially spread the flu to many combat essential personnel responsible for maintaining a no-fail 24/7 combat mission. The impact will negatively affect combat operations. It is a compelling governmental interest to keep all members of the operations group immunized at all times to ensure mission accomplishment. This accommodation would negatively affect his ability to perform the mission and reduce the military readiness of the many other members in the Operations Group to which he is in daily contact.

JEREMIAH S. GENTRY, Colonel, AR ANG
Commander, 188 Operations Group

# EXHIBIT 9

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

1st Ind to Capt Travis G. Roberts, 16 Mar 20, Beliefs Based Accommodations Appeal Request

188 OG/CC                                                                    Date: 20 Apr 20

MEMORANDUM FOR 188 WG/CC

1. Capt Travis Roberts, 188 FSS Student Flight, is projected to my group as an RPA pilot. He also serves as a temporary technician working in the scheduling shop.

2. Just as with his initial request, I nonconcur with Capt Robert's appeal for exemption from vaccinations. DoDI 1300.17, *Accommodation of Religious Practices Within the Military Services*, 22 Jan 14, states:

> 4.e. Requests for religious accommodation will be resolved in a timely manner and will be approved when accommodation would not adversely affect mission accomplishment, including military readiness, unit cohesion, good order, discipline, health and safety, or any other military requirement.

3. Capt Roberts attempts to outline why immunizations substantially burdens his practice of religion through a more detailed explanation of why he finds immunizations immoral. However, he has yet to answer why, without changing religions, how immunizations did not burden his religion in the years before he joined the 188th Operations Group, but after joining the ANG and the 188th they do. While he documents the many reasons that he morally objects to immunizations, the AFI is clear as the Air Force does not grant permanent immunizations on basis of religion. The reason for this is contained in DoDI 1300.17, that doing so adversely affects good order, discipline, health and safety.

4. In his appeal, Capt Roberts attempts to sidestep the AFI by stating "this request is for a temporary exemption to remain in effect for the duration of my assignment in the unit." One cannot attempt to label a permanent exemption a temporary one by simply using the word "temporary." To ask for an exemption to policy that will remain in effect for the entire time in the unit is, by definition, a request for a permanent exemption.

5. Furthermore, Capt Roberts makes it abundantly clear he is asking relief from all future immunizations. With what we can only hope to be a relatively quick release of a Coronavirus immunization, I simply could not accept the risk to the Airmen and mission to allow an unimmunized Airman onto our operations center that hosts a 24/7 combat operation.

6. AFI 48-110 clearly states that permanent immunization exemptions will not be granted. DoDI 1300.17 states that exemption requests that adversely affects good order, discipline, health and safety will not be granted. Based on this guidance, and the very real risk to Airmen and mission, we should not grant immunization accommodation to Capt Roberts.

COGGIN.PATRIC.D   Digitally signed by COGGIN.PATRIC.DAVID.1008439067
AVID.1008439067   Date: 2020.04.20 16:49:39 -05'00'
PATRIC D. COGGIN, Colonel, AR ANG
Commander

# EXHIBIT 10

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

2nd Ind to Capt Travis G. Roberts, 16 Mar 20, Beliefs Based Accommodations Appeal Request

188 WG/CC                                                         Date: 21 Apr 20

MEMORANDUM FOR  AR ANG/CC

1.  I have reviewed Capt Travis Roberts' appeal to the denial of his immunization exemption request.  For all the foregoing reasons articulated by the previous Wing Commander, Col Robert Kinney, in the original request and the recommendation of the current Operations Group Commander, Col Patric Coggin, I agree with the recommended continuation of denial of the request.  I make this recommendation based on the following:

> (a) Capt Roberts has requested a permanent exemption, which is not permitted, by attempting to label it as a temporary exemption.  An exemption for the entirety of his time in the unit is a permanent exemption request and not authorized.

> (b) Failing to comply with necessary immunizations poses an unacceptable risk to mission accomplishment which is a compelling government interest.  The current situation we find our country in with the COVID-19 crisis highlights the danger contagious disease poses to our current combat mission and the extreme measures necessary to protect mission accomplishment.  The state of our country without a COVID-19 vaccination is the world Capt Roberts is requesting to live in, however, he wants to be exempt from ALL vaccines.  This is an unacceptable risk and one I cannot support.

2.  Based on the foregoing reasons, I recommend continued denial of the request for an immunization waiver.  Any questions regarding this request for exemption can be addressed to Colonel Jenny Johnson, ███████████, or ████████████████████████.

DODROE.LEON.JOS   Digitally signed by
EPH.1161182296    DODROE.LEON.JOSEPH.1161182296
                  Date: 2020.04.21 10:34:41 -05'00'
LEON J. DODROE, Colonel, AR ANG
Commander

# EXHIBIT 11

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

---------------------------------------------------------------COORD-------------------------------------------------------------------

| | | | |
|---|---|---|---|
| NGB/SG | Coord - | Egerstrom, Col | Non-concur |
| AF/SG | Sig - | *Dotogg* | *Non-Concur* |

----------------------------------------------------STAFF SUMMARY-----------------------------------------------------------------

AO: Col Kenneth Egerstrom, NGB/SGP, █████████
SSS DATE: 13 May 2020
SUSPENSE: 1 Jun 2020
OUTSIDE AGENCY SUSPENSE: 1 Jun 2020

SUBJECT: Religious Accommodation Appeal - Capt Travis Roberts

1. PURPOSE: To obtain AF/SG final approval or denial for a Religious Exemption to all Immunizations.

2. BACKGROUND: Capt Travis Roberts, an Arkansas Air Guardsman and RPA Pilot is seeking an exemption from all required vaccinations due to religious beliefs. Capt Roberts states he put aside his religious convictions for the past 12 years. He feels his convictions are now more accepted and his recent transfer to the ANG allows him to fully embrace those convictions.

In accordance with AFI 48-110, Immunizations and Chemoprophylaxis for the Prevention of Infectious Diseases, the Air Force does not grant permanent Religious Exemption waivers. It also states the MAJCOM/CC is the approval authority for temporary exemptions. Capt Robert's initial request was non-concurred by the ANGRC/SG, ANGRC/HC, ANGRC/JA and by all others in his chain at the Wing level. On 7 Jan 2020, the ANGRC/CC denied his request.

The initial request was denied because Capt Roberts presented no medical reasons why he could not receive vaccines. It was clear, commanders in his chain were not willing to accept the risk associated with having a non-immunized individual in their Wing. Per the ANG Branch Chief, Medical Exams and Standards (Col Kevin Vanvalkenburg, CFS, RAM), "waivers from all immunizations are not granted." Specific immunizations are waiverable, if the individual has medically documented adverse reactions to a specific vaccine.

3. DISCUSSION: Capt Roberts received counseling by his Commander, and the Wing JAG, Chaplain and Flight Surgeon.

    IMPACT TO THE SQUADRONS: N/A

    IMPACT TO THE AFMS: N/A

In his appeal, Capt Roberts is seeking a Temporary Exemption to be effective during his entire current assignment, which will amount to a Permanent Exemption. He has provided reasons why he considers immunizations immoral, but he has not identified medical reasons why he should not receive immunizations. Without the required immunizations, Capt Roberts places the health and safety of himself and those he would be working with at an increased risk for a contagious disease. This in turn could have a catastrophic result on the Wing's ability to meet its mission. Although he does not have a high tendency to deploy as a RPA Pilot, the confined conditions RPA Pilots tend to operate in increases the ability of communicable diseases to spread.

4. VIEWS OF OTHERS:  In his appeal package, his Wing/CC, Director of Staff and State Adjutant General non-concurred with his request to waive all immunizations.  The ANGRC/CC, ANGRC/SG, ANGRC/HC and ANGRC/JA have not changed their recommendation to his initial request and still non-concur with a permanent waiver from all immunizations.

5. RECOMMENDATION:  Respectfully request AF/SG sign and non-concur with Capt Roberts' permanent waiver request for a religious exemption from all vaccinations.


//signed, acw, 13 May 2020/
ASHLEY C. WILLIAMS, Lt Col, BSC, USAF
Chief, Public Health & Prevention Branch

Tabs

1.  Capt Robert's Appeal Package
2.  Initial ANGRC/CC Non-Concurrence:  Roberts, Travis Immunizations Exemption

# EXHIBIT 12

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

FILE AS PAGE DIRECTLY BEHIND DD FORM 2766 ON LEFT SIDE OF MEDICAL RECORD

## VACCINE ADMINISTRATION RECORD

### (THIS FORM IS SUBJECT TO THE PRIVACY ACT OF 1974)

This document complies with Article 36 and Annex 6 of the World Health Organization International Health Regulations (IHR) of 2005. International Health Regulations call for this document to be accepted in lieu of the International Certificate of Vaccination (PHS Form 731) when traveling outside the United States. In accordance with the IHR, this automated record is an equivalent document issued by the United States Armed Forces.

By inserting the Vaccine Information Statement (VIS) version date in the applicable field, providers verify that the vaccine(s) annotated were administered and current VISs were given to the parent, legal guardian or patient. This form complies with federal record-keeping requirements of the National Childhood Vaccine Injury Act of 1986 as amended 14 December 1993. Parent, guardian, or patient signature is not required unless state law mandates a guardian signature and proof of informed consent.

| Vaccine (Series) | Date | Manufacturer | Lot Number | Dosage | VIS Version | Administering Tech |
|---|---|---|---|---|---|---|
| Anthrax(1) | 26 Apr 2013 | Emergent BioSolutions | FAV310 | | | |
| Anthrax(2) | 30 May 2013 | Emergent BioSolutions | FAV322A | | | |
| Anthrax(3) | 6 Feb 2017 | Emergent BioSolutions | FAV487A | | | |
| Hep A (Adult)(1) | 8 Jun 2006 | GlaxoSmithKline | AHAVAB020B | | | |
| Hep A (Adult)(2) | 29 May 2007 | GlaxoSmithKline | AHAVB139AA | | | |
| Influenza Split Virus | 29 May 2007 | Sanofi Pasteur | UNK | | | |
| Influenza Split Virus | 14 Nov 2010 | Unknown | M54309 | | | |
| Influenza, live, intranasal | 10 Sep 2011 | MedImmune, Inc. | 501094P | | | |
| Influenza, live, intranasal | 3 Nov 2012 | Unknown | AH2108 | | | |
| Influenza, seasonal, inj, preservative fr | 11 Jan 2014 | Novartis Pharmaceutical | 007021A | | | |
| Influenza, seasonal, inj, preservative fr | 19 Oct 2014 | Novartis Pharmaceutical | 160234 | | | |
| Influenza, seasonal, inj, preservative fr | 6 Feb 2017 | Sanofi Pasteur | WT58908 | | | |
| Influenza, unspecified | 12 Sep 2009 | United States Army Med | 07049111A | | | |
| IPV(1) | 8 Jun 2006 | GlaxoSmithKline | Y10502 | | | |
| Meningococcal MCV4P | 8 Jun 2006 | Aviron | UE585AB | | | |
| Novel Influenza-H1N1-09(1) | 10 Apr 2010 | Novartis Pharmaceutical | 104044P1 | | | |
| PPD | 8 Jun 2006 | Parkedale Pharmaceutic | 27629 | | | |
| PPD | 23 May 2007 | Parkedale Pharmaceutic | 35524 | | | |
| PPD | 26 Apr 2013 | Sanofi Pasteur | C4173AA | | | |
| Smallpox | 26 Apr 2013 | Acambis, Inc [Inactive se | VV04-003A | | | |
| Tdap | 8 Jun 2006 | GlaxoSmithKline | AC52B006AA | | | |
| Typhoid, ViCPs | 26 Apr 2013 | Sanofi Pasteur | H14811 | | | |
| Typhoid, ViCPs | 6 Feb 2017 | Sanofi Pasteur | L15701 | | | |

### Immunization Exemptions

| Vaccine | Exemption | Expiration Date |
|---|---|---|
| Hep A | Admin (Refusal) | Indefinite |
| Hep B | Medical Immune | 31 Dec 9999 |
| MMR | Medical Immune | 31 Dec 9999 |
| MMR | Medical Immune | 31 Dec 9999 |
| PPD | Admin (Refusal) | Indefinite |
| Td | Admin (Refusal) | Indefinite |
| Varicella | Medical Immune | 31 Dec 9999 |
| Varicella | Medical Immune | 31 Dec 9999 |

## LAST ITEM
## DO NOT MAKE ENTRIES BELOW THIS BLOCK

| Name: ROBERTS TRAVIS G | | Sex: M |
|---|---|---|
| Status: NG | | Rank: CPT |
| Service: Air Force | Sponsor's ID: | DOB: |

DD FORM 2766C (Computer Generated) - ASIMS

Printed 09/21/2020 10:30